# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including Parish and Zip Code) | Co-Buyer Name and Address (Including Parish and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| TYKESHA ROSETTE BROWN<br>2436 BEACH BLVD APT G7<br>BILOXI, MS HARRISON, 39531 | N/A | PREMIER KIA OF KENNER<br>2712 VETERANS MEMORIAL BLVD<br>KENNER, LA 70062 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed plus Prepaid Finance Charges, if any (your Principal Balance), and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at a Base Rate of __29.99__ % per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Body Style | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2015 | GMC ACADIA | FWD 4DR SLT W/SLT-1 | 1GKKRRKDXFJ287129 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural    ☐ __N/A__ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 5,000.00 is |
|---|---|---|---|---|
| 29.99 % | $ 12,321.99 | $ 11,447.25 | $ 23,769.24 | $ 28,769.24 |

**Returned Payment Charge:** If any check you give us or electronic payment you make is returned unpaid, you will pay us a charge of __5__ % of the amount of the check or electronic payment or $ __15__ , whichever is less.

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 66 | $ 360.14 | Monthly beginning 06/08/2024 |
| One Final Payment Of | $ N/A | On N/A |
| N/A | | |

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ __N/A__ Mos.

__N/A__
Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X __N/A__

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __10__ or __5__ % of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay early, you may have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use. If a payment is not received in full within __N/A__ days after it is due, you will pay a late charge of $__N/A__ or __N/A__ % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

## BUYER'S WAIVER OF WARRANTIES - "AS IS" SALE

Unless we give you a written warranty or enter into a service contract with you within 90 days from the date of this contract, we make no warranties, express or implied, on the vehicle and you waive all such warranties, including any express or implied warranty of fitness for a specific or ordinary purpose, warranty of merchantability, warranty of fitness for the particular purpose of your intended use, and any warranty that the vehicle is free from hidden, latent or redhibitory defects. You also waive any right that you may have to demand that the sale be canceled (rescinded) or seek a reduction of the Cash Price for the vehicle for breach of any implied warranties. If the vehicle is new, you accept the manufacturer's separate written new product warranty as your exclusive warranty with respect to the sale, and you acknowledge that you received a copy of it.

The above waiver of warranties has been read by me and explained to me in a manner that I understand and I knowingly consent to the waivers.

Buyer: X _[signature]_    Co-Buyer: X __N/A__

**Exhibit A**

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ N/A sales tax) — $ 12,895.00 (1)

2. Total Downpayment =
   Trade-in N/A (Year) (Make) (Model)
   - Gross Trade-In Allowance — $ N/A
   - Less Pay Off Made By Seller to N/A — $ N/A
   - Equals Net Trade In — $ N/A
   - + Cash — $ 5,000.00
   - + Other N/A — $ N/A
   - + Other N/A — $ N/A
   - + Other N/A — $ N/A
   (If total downpayment is negative, enter "0" and see 4J below) — $ 5,000.00 (2)

3. Unpaid Balance of Cash Price (1 minus 2) — $ 7,895.00 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   - A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
     - Life — $ N/A
     - Disability — $ N/A — $ N/A
   - B. Other Optional Insurance Paid to Insurance Company or Companies — $ N/A
   - C. Official Fees Paid to Government Agencies — $ 644.75
   - D. Optional Gap Contract — $ N/A
   - E. Government Taxes Not Included in Cash Price — $ N/A
   - F. Government License and/or Registration Fees N/A / N/A — $ N/A
   - G. Government Certificate of Title Fees — $ 68.50
   - H. Electronic Lien and Title Services Fee Paid to DEALER — $ 14.00
   - I. Government Waste Tire Fee — $ N/A
   - J. Other Charges (Seller must identify who is paid and describe purpose)
     - to N/A for Prior Credit or Lease Balance — $ N/A
     - to DEALER for P & H FEE — $ 8.00
     - to DEALER for CONVENIENCE FEE — $ 15.00
     - to DEALER for DOCUMENTATION FEE — $ 425.00
     - to DEALER for NOTARY FEE — $ 15.00
     - to AUL CORP for SERVICE CONTRACT — $ 2,362.00
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf — $ 3,552.25 (4)

5. Prepaid Finance Charge — $ N/A (5)

6. Amount Financed (3 + 4 − 5) — $ 11,447.25 (6)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before _____ N/A _____, Year N/A. SELLER'S INITIALS _____ N/A _____

**Any insurance referred to in this contract does not include coverage for personal liability and property damage caused to others. This insurance will not provide the coverage required by Louisiana law (see Chapter 5 of Title 32 of the Louisiana Revised Statutes of 1950, La.R.S. §32:851 et seq.). Louisiana law requires all motorists to be covered by an automobile liability policy with legally prescribed liability limits. Failure to obtain insurance that meets those limits will subject you to penalties, which may include the suspension or revocation of driving privileges.**

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Louisiana. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
Term N/A months  Premium: $ N/A

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Term N/A months  Premium: $ N/A

Insurance Company Name & Home Office Address
N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance pays all or part of the amount you owe under this contract if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability pays all or part of the payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. See the policies or certificates from the named insurance companies for the details of the coverage these types of insurance provide, and for other terms and conditions.

### Other Optional Insurance

☑ N/A / N/A
Type of Insurance / Term
Coverage (Describe) N/A
Premium $ N/A
Insurance Company Name & Home Office Address
N/A
N/A

☐ N/A / N/A
Type of Insurance / Term
Coverage (Describe) N/A
Premium $ N/A
Insurance Company Name & Home Office Address
N/A
N/A

☐ N/A / N/A
Type of Insurance / Term
Coverage (Describe) N/A
Premium $ N/A
Insurance Company Name & Home Office Address
N/A
N/A

☐ N/A / N/A
Type of Insurance / Term
Coverage (Describe) N/A
Premium $ N/A
Insurance Company Name & Home Office Address
N/A
N/A

☐ N/A / N/A
Type of Insurance / Term
Coverage (Describe) N/A
Premium $ N/A
Insurance Company Name & Home Office Address
N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

**X** N/A _____ N/A
Buyer Signature                              Date
**X** N/A _____ N/A
Co-Buyer Signature                          Date

*Non-Authoritative Copy*

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will treat any Prepaid Finance Charge as fully earned on the date of this contract. Prepaid Finance Charges will not be refunded if you prepay in full or we ask you to pay all you owe at once under this contract unless the law requires a refund. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose as the law allows.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of your Principal Balance at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. You agree that we have the option to impose a prepayment charge of $25 at the time you prepay this contract in full, or if we demand that you pay all you owe under this contract at once.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. You agree that the charge will be the premiums for the insurance and a finance charge computed at the Base Rate shown on page 1 of this contract.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information during credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay attorney's fees and collection costs.** If we hire an attorney to collect what you owe or to enforce this contract, you will pay the attorney's fees. If you purchased the vehicle for personal, family or household purposes, the attorney's fees you owe will not exceed 25% of the total amount payable under this contract. You will also reimburse us for our out-of-pocket collection costs and expenses in collecting what you owe and enforcing our security interest under this contract.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you after we give you any notice and wait the time the law requires. If the vehicle is located outside of Louisiana, we may, at our option, take (repossess) the vehicle from you under the law of the state in which the vehicle is located. We may only take the vehicle if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay the amount when we ask, we may charge you interest on that amount until you pay at the Base Rate shown on page 1 of this contract.

g. **Legal proceedings.** If you default, we may choose to institute executory, ordinary, or other legal proceedings to have the vehicle taken from you and sold to satisfy your obligations to us.

To enable us to pursue legal process you:
1. Acknowledge the amount you owe under this contract, **CONFESS JUDGMENT** for the full amount you owe under this contract, and consent to a judgment being rendered and signed in our favor for that amount. The amount you owe under this contract includes the Principal Balance and Finance Charges, attorney's fees, late fees, and collection costs, in addition to any other amounts provided for under this contract or by law. We will not use this confession of judgment for any purpose other than Louisiana executory process.
2. Waive (give up), to the extent permitted by law, appraisal of the vehicle and related rights when the vehicle is sold under executory process or other legal process under Articles 2332, 2336, 2723, and 2724 of the LCCP and any other law that may give you similar rights and benefits.
3. Authorize us to appoint a keeper of the vehicle under La.R.S. §§ 9:5136 through 9:5140.2. et seq., if the vehicle is taken from you through legal proceedings. You authorize us to appoint ourselves or someone else we choose as keeper.

h. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract.
Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

5. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

6. **APPLICABLE LAW**
Federal law and Louisiana law apply to this contract.

**Electronic Contracting and Signature Acknowledgement.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____   Co-Buyer Signs X __N/A_____

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

## NO COOLING OFF PERIOD
**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X [signature] ____ Co-Buyer Signs X N/A ____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.
Do not sign this contract on a Sunday.
**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X [signature] ____ Date April 24, 2024   Co-Buyer Signs X N/A ____ Date N/A
Buyer Printed Name TYKESHA ROSETTE BROWN ____ Co-Buyer Printed Name N/A
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A ____ Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A ____ Address N/A
Seller signs PREMIER KIA OF KENNER ____ Date April 24, 2024  By X [signature] ____ Title Finance



# Assignment
(To be physically attached to Retail Installment Contract and Promissory Note)

**For Value Received.** The undersigned hereby sells and assigns to:

**Exeter Finance LLC**
**P.O. Box 166008**
**Irving, TX 75016**

All of its right, title, and interest in and to the Retail Installment Contract and Promissory Note or similar agreement or document ("Contract Document") to which this assignment is attached. The terms and conditions of this assignment *supersede* any contrary provisions of the form of assignment contained in the Contract Document to which this assignment is attached.

This assignment is made pursuant to the Dealer Agreement entered into between the undersigned and Exeter Finance LLC, the terms and conditions of which are incorporated herein by this reference.

Buyer: TYKESHA ROSETTE BROWN

Co-Buyer: N/A

Dealership: PREMIER KIA OF KENNER

Print Name: MARIO MENCIA

Authorized Signature: *[signature]*

Date: April 24, 2024

Assignment Form 07/19/13